**Moussa TALL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–4442.**

United States Court of Appeals, Sixth Circuit.

Aug. 17, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Douglas E. Ginsburg, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

Moussa Tall petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and we unani-

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern Dis-

mously agree that it is not needed in this case. Fed. R.App. P. 34(a).

Tall is allegedly a citizen of Mauritania, who entered this country illegally in 1996. He later conceded removability and applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Tall testified that he had been persecuted in Mauritania because of his race and ethnic background. He alleged, *inter alia,* that his sister had been raped and that he had been beaten and imprisoned by Mauritanian authorities. An immigration judge ("IJ") found that his testimony was not credible and denied the applications for relief. The BIA affirmed that decision without opinion on November 26, 2002.

Tall first argues that the BIA abused its discretion by affirming the IJ's decision without issuing a reasoned opinion. He argues that his case did not meet the administrative requirements for summary review, as the IJ made harmful and material errors in finding that he was not credible and in finding that he did not have a well-founded fear of persecution. However, our court has upheld the BIA's streamlined appeals process against both administrative law and due process challenges. *Denko v. INS,* 351 F.3d 717, 727–30 & n. 10 (6th Cir.2003). Judicial review is not compromised by the disputed procedure, as we review the IJ's decision directly when it is affirmed by the BIA without opinion. *Id.* at 732. Our review of the IJ's decision does not reveal any grounds that would preclude a streamlined administrative appeal in this case. *See id.*

Tall's current brief does not contain any clear challenge to the IJ's decision to deny his claim under the Convention Against Torture. Therefore, he has abandoned that

trict of Florida, sitting by designation.

claim for purposes of judicial review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001).

To obtain asylum. Tall must show that he is a refugee whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Judicial review should not be granted unless the evidence would compel a reasonable adjudicator to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001).

Tall now argues that the IJ's credibility finding was erroneous because it was based on a few minor inconsistencies. However, we must uphold the IJ's finding unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord Yu v. Ashcroft,* 364 F.3d 700, 703 (6th Cir.2004). The IJ properly noted that Tall had given inconsistent testimony regarding the origin of his identification documents and that his testimony was inconsistent in several other respects, including the alleged rape of his sister, his broken arm, and his initial confrontation with Mauritanian authorities. Substantial evidence supports the IJ's finding because these discrepancies go to the heart of Tall's asylum claim. *See Yu,* 364 F.3d at 703–04.

In light of the IJ's credibility finding, the evidence does not compel a finding that Tall is a refugee because it does not show that he has a well-founded fear of persecution. Since Tall has not established eligibility for asylum, he is necessarily unable to meet the more rigorous test that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, the petition for judicial review is denied.